IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY CRAIG CONNELLY,<br>   *Plaintiff* | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. 4:15-CV-2258<br>JURY REQUESTED |
| COKEBUSTERS USA, INC.<br>   *Defendant* | §<br>§ | |

## DEFENDANT'S MOTION TO DISMISS

Defendant Cokebusters USA, Inc. ("Defendant") files this, its Motion to Dismiss Plaintiff's Original Complaint, (Doc. No. 1), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support, Defendant will show as follows:

### A.
### Introduction

On August 6, 2015, Gary Craig Connelly ("Plaintiff")—a former employee of Defendant—filed this lawsuit under the Fair Labor Standards Act (FLSA) asserting overtime violations. (Doc. No. 1). Defendant moves to dismiss Plaintiff's Complaint for failure to state a claim as Plaintiff's allegations only track the statutory language of the FLSA and fail to provide Defendant with proper notice of the alleged FLSA violations against it. Accordingly, Plaintiff's claims against Defendant should be dismissed pursuant to FED R. CIV. P. 12(b)(6).

## B.
## <u>Reasons to Dismiss</u>

Plaintiff's Complaint falls short of the pleading requirements of Rule 12(b)(6). Plaintiff, a former employee of Defendant, makes vague and conclusory allegations that Defendant violated the FLSA with regard to his overtime compensation. Plaintiff merely recites the language of the FLSA without supporting his overtime allegations with sufficient facts to demonstrate a plausible right to relief. Accordingly, Plaintiff's claims are built on a faulty foundation of boilerplate and conclusory allegations that fail to satisfy federal pleading standards. These deficiencies render Plaintiff's Complaint insufficient and warrant dismissal under FED R. CIV. P. 12(b)(6).

**1.    Rule 12(b)(6) Standard.**

Rule 12(b)(6) provides for dismissal when the plaintiff "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). To state a claim to relief that is plausible on its face, the complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "[A] formulaic recitation of the elements of a cause of action," and "naked assertions" without supporting facts

are inadequate. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Consequently, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions."). To survive a motion to dismiss, plaintiffs must allege actual facts that "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief," and the complaint should be dismissed. *Id.*

**2.    Plaintiff's complaint fails to state a plausible claim for overtime wages.**

Plaintiff's complaint should be dismissed because he has failed to state a plausible claim that Defendant violated the overtime provisions of the FLSA. In order to state a claim for unpaid overtime wages, the plaintiff must plead (1) he was a non-exempt employee of the defendant; (2) he worked in excess of forty hours per week; and (3) he did not receive minimum wage or overtime compensation. 29 U.S.C. §§ 206-207; *Hernandez v. Praxair Distrib., Inc.*, No. 4:14-CV-1915, 2015 WL 4393105, *1 (S.D. Tex. July 15, 2015); *Coleman v. John*

*Moore Servs., Inc.*, No. H-13-2090, 2014 WL 51290, *2 (S.D. Tex. Jan. 7, 2014).

Two recent decisions from the circuit courts of appeals discuss the proper pleading standards for overtime claims under the FLSA. In *Pruell v. Caritas Christi*, the First Circuit held that the plaintiffs' allegation that they "regularly worked hours over 40 in a week and were not compensated for such time, including the applicable premium pay," was insufficient to state a claim under *Twombly* and *Iqbal*. *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012). The First Circuit explained that such allegations are "little more than a paraphrase" of the FLSA, and accordingly are "so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" *Pruell*, 678 F.3d at 13 (quoting *Twombly*, 550 U.S. at 557 n.5). The plaintiffs' lack of specific allegations to "provide examples" or "estimates" of the unpaid time warranted dismissal of the complaint. *Id.* at 14.

Likewise, the Second Circuit dismissed claims for overtime where the plaintiff's complaint merely "tracked the statutory language of the FLSA, lifting its numbers and rehashing its formulation, but alleging no particular facts sufficient to raise a plausible inference of an FLSA violation." *Dejesus v. HF Mgmt. Servs.*, 726 F.3d 85, 89 (2d Cir. 2013). In *Dejesus*, the plaintiff alleged only that, in "some or all weeks," she worked "more than forty hours a week" without being paid "1.5 times" her rate of compensation. *Id.* at 89. Because the complaint "was

4

devoid of any numbers to consider beyond those plucked from the statute," the Second Circuit held that the plaintiff's pleadings were inadequate under *Twombly* and *Iqbal*. *Id.* As the court explained, "[w]hatever the precise level of specificity that was required of the complaint, [the plaintiff] at least was required to do more than repeat the language of the statute." *Id.*

Here, Plaintiff's allegations are as "threadbare and conclusory" as the complaints dismissed in *Pruell* and *Dejesus*. Plaintiff alleges only that "Defendant . . . fail[ed] to compensate Plaintiff at a rate not less than one and one-half times the regular rate for each hour in excess of 40 the Plaintiff worked in a work week" and "Defendant did not pay Plaintiff the appropriate premium for his overtime work in excess of 40 hours in a work week." (Doc. No. 1 at ¶¶ 13, 14). These allegations merely repeat the language of the FLSA without providing sufficient factual context to "nudge" the claim "from conceivable to plausible." *Dejesus*, 726 F.3d at 90 (quoting *Twombly*, 550 U.S. at 570). Accordingly, Plaintiff's Complaint should be dismissed for failing to adequately plead a claim for unpaid overtime under the FLSA.

## C.
### Prayer and Conclusion

For these reasons, Defendant Cokebusters USA, Inc. respectfully requests the Court to grant its Motion to Dismiss and to grant Defendant such other and

further relief, both general and special, at law or in equity, to which it may show itself to be justly entitled.

        Respectfully submitted,

        **THE HUDGINS LAW FIRM**
        **A PROFESSIONAL CORPORATION**

By: /s/ Nicole James Petrelli
   Steven F. Hudgins
   State Bar Number 00793993
   Southern District Bar No. 19623
   shudgins@hudgins-law.com
   Nicole James Petrelli
   State Bar Number 24035568
   Southern District Bar No. 808478
   npetrelli@hudgins-law.com
   24 Greenway Plaza, Suite 2000
   Houston, Texas 77046
   Telephone (713) 623-2550
   Facsimile (713) 623-2793

Attorney-In-Charge for Defendant

## **CERTIFICATE OF SERVICE**

Pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases, United States District Court, Southern District of Texas, I certify that service on known Filing Users will be automatically accomplished through the Notice of Electronic Filing on 7th day of October 2015, on the following:

Charles L. Scalise
Charles@rosslawgroup.com
Daniel B. Ross
Daniel@rosslawgroup.com
ROSS LAW GROUP
1104 San Antonio Street
Austin, Texas 78701
*Attorneys for Plaintiff*

                                              /s/ Nicole James Petrelli
                                              Nicole James Petrelli